UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NATHAN COLE, | ) CV F 03 5821 OWW LJO HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATION ) REGARDING PETITION FOR WRIT OF ) HABEAS CORPUS |
| v. | ) [Doc. #1] |
| RAYMOND D. ANDREWS, | ) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Due to the death of Magistrate Judge Hollis G. Best and the appointment of Magistrate Judge William M. Wunderlich, by order dated May 2, 2004, this case was reassigned to the undersigned for all further proceedings.

**PROCEDURAL BACKGROUND[1]**

Petitioner is currently in the custody of the Federal Bureau of Prisons ("BOP") pursuant to a judgment of the United States District Court for the Southern District of Alabama following his conviction of the crime of conspiracy to possess with intent to distribute crack cocaine in violation of

---

[1] This information is taken from the petition for writ of habeas corpus and the response to the petition.

21 U.S.C. § 846.  Petitioner was sentenced to a 146 month term of incarceration, with a 5 year term of supervised release to follow.  Petitioner's projected release date is May 26, 2006. See Declaration of Elizabeth DeSilva, filed in support of Respondent's Response (hereinafter "DeSilva Declaration").

In October of 1996, while Petitioner was housed at USP Leavenworth and prior to his entrance into the 500 hour Residential Drug Abuse Program ("RDAP"), he was classified ineligible for a one-year sentence reduction under 18 U.S.C. § 3621(e) and notified of the same because of a prior conviction for second degree robbery, a violation of Cal. Penal Code § 212.5(c). Id. Nevertheless, Petitioner entered the program and completed it on December 3, 1997. On January 5, 2000, Petitioner completed the NRES Drug Treatment Program.

On June 16, 2003, Petitioner filed a petition for writ of habeas corpus claiming the Bureau of Prisons wrongfully found him ineligible for early release because his prior conviction for second degree robbery is not a crime of violence and should not preclude him from receiving a one-year sentence reduction under 18 U.S.C. § 3621(e).

On October 20, 2003, Respondent filed a response to the petition. Respondent contends the issues are unexhausted, not ripe for review, and without merit.

Petitioner did not file a traverse.

**DISCUSSION**

**I.  Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir.1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional,

manner. See, e.g., Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole); Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir.1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir.1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner is alleging that the Bureau of Prisons will not credit his federal sentence with an early release pursuant to 18 U.S.C. § 3621(e). Petitioner is challenging the execution of his sentence rather than the imposition of that sentence. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, Petitioner was incarcerated at Taft Correctional Facility ("TCI") at the time he filed the instant petition, and TCI is located within the Eastern District of California, Fresno Division. The Court has jurisdiction over this petition. Ahrens v. Clark, 335 U.S. 188, 193 (1948), *overruled on other grounds*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

**II.  Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. MacCarthy v. Madigan, 503 U.S. 140, 144-45 (1992); Western Radio Services Co. v. Espay, 79 F.3d 896, 899 (9th Cir.1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983). Respondent claims Petitioner has not sought any administrative appeal with the BOP and has thereby failed to exhaust his administrative remedies. In support of his contention, Respondent has provided a declaration from Dale Patrick, the Administrative Remedy Coordinator at Wackenhut Corporation. See Declaration of Dale Patrick, filed in support of Respondent's Response (hereinafter "Patrick Declaration").

Pursuant to 28 C.F.R. § 542.10, the BOP maintains an administrative remedy procedure which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." To begin the process, "an inmate shall first present an issue of concern informally to staff . . . ." 28 C.F.R. § 542.13(a). "[S]taff shall [then] attempt to informally resolve the issue . . . ." Id. If the prisoner is dissatisfied with the result, he may then file within "20 calendar days following the date on which the basis of the complaint occurred," "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," and "submit it to the institution staff member designated to receive such Requests." 28 C.F.R. §§ 542.14(a) and (c)(4). Following the Warden's response, the inmate "may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 U.S.C. § 542.15. If the inmate is not satisfied with the Regional Director's response, he "may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." Id. The appeal to the General Counsel is considered the final administrative appeal in the BOP.

According to Administrative Remedy Coordinator Dale Patrick, TCI's Adminstrative Remedy Program is complementary to the BOP review process and is reviewed and approved by the BOP. See Patrick Declaration at 1-2. Patrick states he is the custodian of records at TCI with respect to inmate administrative remedies. Id. at 2. He states he has reviewed the records maintained at TCI and finds no instance of Petitioner ever having sought the administrative remedies available to him in connection with the claims he makes in the instant petition. Id. He further states that Petitioner can still seek a review of his denial of the one-year sentence reduction. Id.

Therefore, the instant petition is unexhausted. The Court may, at its discretion, excuse a petitioner's failure to exhaust administrative remedies if exhaustion is not mandated by Congress. McCarthy, 503 U.S. at 144, 146; Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). In determining whether to excuse exhaustion, the Court should consider the claim asserted, the agency's interest in resolving the issue, and the administrative procedure provided. McCarthy, 503 U.S. at 146; Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987).

Exhaustion should not be excused in this case. The purpose of the exhaustion requirement is

to further Congress's intent to delegate to its agent the interpretation of a particular statute by prohibiting premature judicial interference with the agency's interpretive process, to give the agency the opportunity to correct its mistakes before the judiciary does so for it, and to give the reviewing court the benefit of the practical expertise that the agency brings to the interpretive enterprise. McKart v. United States, 395 U.S. 185, 193-95 (1969).  All of Petitioner's administrative procedures exist. He does not rebut Respondent's contention that he has failed to exhaust his remedies, he does not explain why he has failed to exhaust despite having ample time to seek administrative remedies, and he does not allege that he is being denied any steps in the administrative process. Notwithstanding Petitioner's failure to exhaust, the Court will address the claims presented as they are without merit.

**III. Constitutional Right to Sentence Reduction**

Petitioner contends that he is entitled to a one year sentence reduction because he completed the RDAP.  Petitioner alleges the BOP has violated his due process rights by denying the reduction.

The United States Supreme Court has held that a convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence.  Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).   The requirements of procedural due process only apply to deprivations of constitutionally protected liberty and property interests.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir.1995). Because Petitioner has no constitutional right to early release, it is unnecessary to determine if Petitioner's due process rights were violated when the BOP found him ineligible for early release.  Petitioner was entitled to no due process protections because he was deprived of no constitutionally protected interest.

In some cases, prison regulations can create a liberty interest entitled to constitutional protection.  In Sandin v. Conner, the Supreme Court created a test to determine if prison regulations create a liberty interest for which the prisoner is entitled to due process before that interest can be taken away.

> [W]e recognize that states may under certain circumstances create liberty interests which are protected by the due process clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an

unexpected manner as to give rise to protection by the due process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995).  No federal court that has reviewed the case of the BOP's refusal to grant an inmate early release after completing a drug treatment program has ever found that the BOP's refusal to give the one year sentence reduction violated the petitioner's liberty interest or imposed an atypical and significant hardship on the inmate.  See, e.g., Bowen v. Hood, 202 F.3d 1211 (9th Cir.2000); Furguiel v. Benov, 155 F.3d 1046 (9th Cir.1998); Cort v. Crabtree, 113 F.3d 1081 (9th Cir.1997).  Serving the entire sentence imposed by the Court is not an atypical and significant hardship.  Thus, Petitioner's claim that the BOP has violated his due process rights by refusing to give him a one year sentence reduction is without merit because Petitioner has no constitutional right to the sentence reduction.

Petitioner, however, is a federal prisoner proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  To receive relief under 28 U.S.C. § 2241, Petitioner's custody need not be in violation of the Constitution; a violation of federal law is sufficient.  See 28 U.S.C. § 2241(c)(3).  In this case, Petitioner's claim is based on 18 U.S.C. § 3621.  Thus, the Court must determine if Petitioner's statutory rights were violated.

**IV.  Statutory Right to Sentence Reduction**

Title 18 U.S.C. § 3621 requires the Bureau of Prisons to make available to inmates appropriate substance abuse treatment programs.  In order to encourage prisoners to seek treatment for drug abuse, the BOP is given authority under 18 U.S.C. § 3621(e)(2)(B) to reduce a prisoner's sentence, by up to one year, for those prisoners convicted of a non-violent offense after successful completion of a treatment program.[2]  Pursuant to § 3621, the BOP has created the RDAP, a drug treatment program which offers a comprehensive 500-hour program. Prisoners who successfully complete the RDAP may be eligible for a sentence reduction.

In May of 1995, the early release provision of 18 U.S.C. § 3621(e)(2)(B) was implemented

---

[2](B) Period of custody. –The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.
18 U.S.C. § 3621(e)(2)(B).

by the BOP through 28 C.F.R. § 550.58 and Chapter 6 of Program Statement 5330.10, <u>Drug Abuse Programs Manual</u>. Under the regulations, certain prisoners are not eligible for the one year sentence reduction. <u>See</u> 28 C.F.R. § 550.58 (1995). For example, prisoners are not eligible for the sentence reduction if the current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3). 18 U.S.C. § 924(c)(3) reads:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and --
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Prisoners are also ineligible for a sentence reduction if they have a "prior felony or misdemeanor conviction for homicide, forcible rape, *robbery*, or aggravated assault, or child sexual abuse offenses." 28 C.F.R. § 550.58(a)(1)(iv) (emphasis added). In promulgating 28 C.F.R. § 550.58, the BOP stated the following rationale for considering the enumerated prior convictions:

> In exercising the Bureau [of Prison's] discretion in reducing a sentence, the Bureau shall also review the criminal history of the inmate contained in the Presentence Investigation Report, and any inmate with a federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault shall also be excluded from consideration. Because state convictions may show a considerable range in the degree of violence used in the offense, the Bureau has chosen to use the above cited categories of crimes, which are reported under the FBI Violent Crime Index, as the sole determinant of violence in the criminal history.

60 Fed.Reg. 27692.

Petitioner contends his prior conviction of unarmed second degree robbery is not within the meaning of § 550.58(a)(1)(iv). For purposes of 18 U.S.C. § 3621(e)'s one year sentence reduction, the statute underlying the prior conviction is to be compared to the Federal Bureau of Investigation (FBI) Violent Crime Index. <u>Byrd v. Crabtree</u>, 22 F.Supp.2d 1128 (D. Or. 1998); <u>see also</u> <u>LaFrance v. Wands</u>, 2000 WL 246275 (C.D.Cal.). If the statute underlying the prior conviction contains the same elements as the FBI Violent Crime Index, then the prior conviction qualifies within the meaning of § 550.58(a)(1)(iv).

Cal. Penal Code § 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by

means of force or fear."

Cal. Penal Code § 212.5(c) defines robbery in the second degree as a robbery *other than those listed in subsection (a) and (b)*:

(a) Every robbery of any person who is performing his or her duties as an operator of any bus, taxicab, cable car, streetcar, trackless trolley, or other vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in the air, and used for the transportation of persons for hire, every robbery of any passenger which is perpetrated on any of these vehicles, and every robbery which is perpetrated in an inhabited dwelling house, a vessel as defined in Section 21 of the Harbors and Navigation Code which is inhabited and designed for habitation, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, a trailer coach as defined in the Vehicle Code which is inhabited, or the inhabited portion of any other building is robbery of the first degree.

(b) Every robbery of any person while using an automated teller machine or immediately after the person has used an automated teller machine and is in the vicinity of the automated teller machine is robbery of the first degree.

According to the FBI Violent Crime Index, robbery is defined as "the taking or attempting to take anything of value from the care, custody, or control of a person or persons by force <u>or threat of force or violence and/or by putting the victim in fear</u>." Federal Bureau of Investigation, Uniform Crime Reports, (1995) (emphasis added). A comparison of the California statute to the FBI Violent Crime Index reveals that the definitions and elements are essentially the same. Petitioner's allegation that actual use of force is unnecessary is incorrect. Second degree robbery does not turn on whether violence or a weapon was involved as Petitioner argues. A threat of force with or without actual use of force meets the requirements of the crime index for robbery. Thus, Petitioner's argument that unarmed robbery does not qualify under the FBI Violent Crime Index fails. Petitioner's prior conviction for second degree robbery qualifies under § 550.58(a)(1)(iv). Therefore, the BOP's interpretation of § 3621 in the instant case was reasonable.

**V. Ripeness**

Respondent also contends that the petition is not ripe for review because Petitioner has requested relief more than a year in advance of the first date on which the requested relief could be granted.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." <u>Thomas v. Union Carbide Agricultural Products Co.</u>, 473 U.S. 568, 580 (1985). The court's role is

"neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir.2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689 (1981). Ripeness is, thus, a question of timing. Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974).

In Johnson v. Crabtree, the Oregon District Court held that "a prisoner may seek judicial review of a BOP prospective eligibility determination once the BOP renders its decision." 996 F.Supp. 999, 1001 (D.Or.1997). The Court further found that successful completion of the RDAP is not a prerequisite to seeking judicial review. Id. Respondent attempts to distinguish Johnson based on the fact that the petitioner in Johnson faced a term of 50 months in prison whereas the petitioner here faces 146 months. Respondent argues the time period is significant because it invites too much speculation into Petitioner's future behavior while in prison, a factor that must be considered by the BOP in determining whether to grant early release. The Court is not persuaded. The BOP's decision to deny eligibility to Petitioner was made in October of 1996. Petitioner's claims concern that eligibility determination, not the BOP's ultimate determination of whether to grant early release. By reviewing the BOP's initial eligibility determination, the Court is not entangling itself in abstract an disagreement. As the Oregon District Court found, such a ruling "is consistent with the purpose of the statute in providing prisoners with an incentive to enter and complete a substance abuse treatment program." Id.

Moreover, Petitioner's projected release date is May 26, 2006, which is less than one year from this date. Had Petitioner been entitled to the one year sentence reduction, he would now be incarcerated beyond the early release date. If he had waited until now to file his petition, his claims would likely become moot by the time a decision was rendered.

### RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be DENIED and the Clerk of Court be DIRECTED to enter judgment for Respondent.

     These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 27, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE